ALVAN J. GOODBAR, Trustee in Bankruptcy of JONES-WISE COMMISSION COMPANY, Respondent, v. SCRUGGS, VANDERVOORT & BARNEY DRY GOODS COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals.    Opinion Filed May 2, 1922.

CORPORATIONS: Officers: Misapplication of Corporate Funds: Statute: Not Retrospective.    Section 996, Revised Statutes of 1919, providing that, if any check, draft or order of any corporation, firm or copartnership shall be given in payment of the debt of any office, agent or employee of said corporation, firm or copartnership, the payee or other ·person collecting such check, draft or order shall not be liable to said corporation, firm or copartnership therefor, unless it shall be shown that such payee or other person at the time of collecting same had actual knowledge that said check, draft or order was issued without authority of said corporation, firm or copartnership, is not retrospective in its operation, and applies only to checks, drafts or orders issued thereafter.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Charles B. Davis,* Judge.

AFFIRMED.

*McLaran & Garesche* and *E. H. Wayman* for appellant.

(1) The court erred in refusing to sustain defendant's demurrer to the plaintiff's evidence because, under the law as it stood at the time the case was tried, the burden was on plaintiff to prove as an essential element of his cause of action that the defendant had actual knowledge of the fact that the checks in controversy were issued without the authority of the Jones-Wise Commission Company, which·burden plaintiff failed to discharge (Act of April 9, 1917, section 1, page 144, Session Acts of 1917, now section 996, Revised Statutes of Missouri 1919). (2) The Act of April 9, 1917, enacts a rule of evidence, and, therefore, has to do merely with the procedure at the trial, and is, therefore, applicable to all pending causes of action, regardless of when such causes of action accrued. Coe v. Ritter, 86 Mo. 277; O'Bryan v. Allen, 108 Mo. 227; Messimer v. McCray, 113 Mo. 382; Howard v. Strode, 242 Mo. 210.

*Fagin, Kane & Schreiber* for respondent.

(1) Where a president or other officer of a corporation uses the checks of the corporation in payment of his private debts, the corporation, or its Receiver or Trustee in Bankruptcy, is entitled to recover the amounts thereof. Kitchens v. Teasdale Com. Co., 105 Mo. App. 463; St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 548; Coleman v. Stocke, 159 Mo. App. 43; Bank v. Orthwein Com. Co., 160 Mo. App. 369; Reynolds v. Gerdelman, 185 Mo. App. 176; Reynolds v. Title Guaranty Trust Co., 189 S. W. 176; Clifford Banking Co. v. Donovan Com. Co., 195 Mo. 262; Blake v. Bank, 219 Mo. 644; St. Charles Savings Bank v. Edwards Brokerage Co., 243 Mo. 553; Reynolds v. Whittemore, 190 S. W. 594. (2) The Trustee in Bankruptcy is entitled to recover as the representative

210 M. A.—8.

of the creditors of the corporation.    Black on Bankruptcy, sec. 392; Manufacturing Co. v. Carriage Co., 152 Mo. 401; National Tube Works Co. v. Machine Co., 118 Mo. 365; Coleman v. Stocke, 159 Mo. App. 43.

ALLEN, P. J.—Plaintiff sues as the trustee in bankruptcy of the Jones-Wise Commission Company, a corporation.    The petition is in sixteen counts, each for money had and received; the total amount demanded being $935 and interest.    It is thus sought to recover the proceeds of sixteen checks, for various amounts, issued in the name of the Jones-Wise Commission Company, as maker, by Henry M. Wise, treasurer of the corporation, payable to the order of the defendant herein, which were delivered to defendant by said Wise in payment of his personal obligations to defendant, and were charged on the books of the corporation to the personal account of Wise.    The evidence shows that during all the period during which these checks were so issued the personal account of Wise on the books of the corporation was overdrawn and he was without authority to so issue these checks; and that during all said period the Jones-Wise Commission Company was insolvent.

The cause was tried before the court without a jury, a jury having been waived.    At the close of plaintiff's case the defendant interposed a demurrer to plaintiff's evidence, and this being overruled stood on its demurrer and offered no evidence.    Judgment was thereupon entered in favor of plaintiff for the full amount claimed in the various counts of the petition with interest; from which judgment the defendant prosecutes this appeal.

The appeal raises solely the question whether the act of April 19, 1917, now section 996, Revised Statutes 1919, is applicable to the case.    The transactions involved, i. e. the issuance of the checks mentioned, occurred in the years 1914, 1915 and 1916.    The suit was instituted on June 7, 1918, and was tried on March 16, 1920.    Consequently the Act of 1917 was not in force at the time when said transactions occurred, but was in force when the

cause was instituted and when it was tried. This statute is as follows:

"Liability of corporation, firm or copartnership.— If any check, draft or order of any corporation, firm or copartnership shall be given in payment of the debt of any officer, agent or employee, of said corporation, firm or copartnership, the payee or other person collecting such check, draft or order shall not be liable to said corporation, firm or copartnership therefor, unless it shall be shown that such payee or other person, at the time of collecting same, had actual knowledge that said check, draft or order was issued without authority of said corporation, firm or copartnership."

That the Legislature intended that the act should have a prospective operation appears from the language of the act itself. Indeed it does not appear to be disputed that the act may and should be given such construction as to render it prospective; but it is contended by defendant, appellant here, that the act prescribes a rule of evidence, and therefore has to do merely with the procedure at the trial; and that consequently it may be invoked and applied in any cause tried after the statute went into effect, though the transactions involved therein took place prior to the passage thereof. Prior to the passage of this act, the rule of decision was firmly established in this State to the effect that one who received a check issued in the name of a corporation drawn by an officer thereof and accepted by the creditor in payment of the officer's private obligation, took such check with notice of its "illegal and irregular character," and took the risk of being called upon to restore to the corporation the proceeds thereof if it should turn out that the officer was thereby misusing funds of the corporation for his private purposes. [See McCullam v. Buckingham Hotel Co., 198 Mo. App. 107, 199 S. W. 417, and cases there cited.] The check itself constituted prima-facie evidence that it was issued without authority of the corporation, casting the burden on the defendant touching that matter (Reynolds v. Whittemore, 190 S. W. 594;

McCullam v. Hotel Co., supra), and sufficed to charge the defendant with notice thereof. The Act of 1917 has changed the rule thus established by judicial decision, by providing that the payee or person receiving such check shall not be liable to the corporation unless it shall be shown that at the time of receiving the check he had actual knowledge that the same was issued without authority of the corporation. While the act affects the burden of proof, it clearly, we think, does more than merely enact a rule of evidence. In providing that the taker of such check shall not be liable unless it shall be shown that he had actual knowledge that the same was issued without authority of the corporation, the act makes it incumbent upon a plaintiff, in an action of this character, to establish the existence of a fact, as a necessary element in the cause of action, not requisite under the law as it stood prior to the enactment of the statute. And to hold that the act applies to a transaction which occurred prior to the statute, would be to give a construction thereto which would render it obnoxious as retroactive legislation. This precise question has been fully and ably discussed by our Commissioner Biggs in Biedermann, Trustee, v. Mermod, Jaccard & King Jewelry Co., No. 17194, decided cotemporaneously herewith, wherein many authorities are reviewed, and in which we hold that this statute does not apply to transactions occurring prior to its passage. To hold otherwise would mean that where, in a transaction of this character, the taker of the check had no actual knowledge that it was issued without authority of the corporation, the statute, though subsequently enacted, would relate back to the prior transaction, and give thereto a legal effect different from that which it had under the law when the transaction occurred; which would give to the statute a retroactive effect. [See: Clark Implement Co. v. Wadden, 34 S. D. 550, L. R. A. 1915, C. 414, and authorities cited; 25 R. C. L., pp. 785, 786, sec. 34.]

The statute by its terms, refers alone to the liability of a defendant, in a case of this nature, to the "corpora-

tion, firm or copartnership" whose check, draft or order has been so issued. Whether or not (though affected by the Act of March 9, 1917, amending what is now section 7048, Revised Statutes 1919) it has application to a case where the suit is brought not by the corporation, firm or copartnership, but, as here, by a trustee in bankruptcy representing not merely the corporation, firm or copartnership but creditors, is a question not raised and as to which we express no opinion.

It follows that the judgment below must be affirmed, and it is so ordered. *Becker* and *Daues, JJ.*, concur.